# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# CHATTANOOGA DIVISION

| | |
|---|---|
| ERIC SHAWN DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | Case No. 1:19-cv-00299-JPM-SKL |
| v. ) | |
| ) | |
| ASSURITY LIFE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant Assurity Life Insurance Company's ("Defendant" or "Assurity") Motion to Dismiss, filed on January 17, 2020. (ECF No. 10.) Assurity moves the Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff Eric Shawn Davis's ("Plaintiff" or "Davis") Complaint. (See id.) The Complaint alleges that Assurity breached its contract with Davis by refusing to pay benefits under an insurance policy. (ECF No. 1 ¶ 31.) Assurity argues that the Complaint should be dismissed with prejudice because (1) Davis's insurance policy lapsed more than a year before Davis first submitted a claim for benefits; (2) Davis's claim is time-barred by the terms of the insurance policy; and (3) Davis's claim is "barred as a matter of public policy under the doctrines of laches and estoppel." (ECF No. 10 at PageID 40.)

Plaintiff filed his Response on February 7, 2020. (ECF No. 17.) Plaintiff asserts that insurance policy claims "cannot be denied based solely on the fact the proof of loss was provided late under the policy terms" and that the insurer must also have been prejudiced by the claim's

tardiness. (Id. at PageID 74 (citing Am. Guarantee & Liab. Ins. Co. v. Norfolk S. Ry. Co., 278 F. Supp. 3d 1025, 1049 (E.D. Tenn. 2017)).) Plaintiff argues that "[t]here is a question of fact as to whether Defendant was prejudiced by the delayed filing of Plaintiff's claim" because Assurity has "received abundant evidence from the time period in question to allow it to conduct a full investigation." (Id. at PageID 73–74.) Plaintiff also argues that the doctrines of laches and estoppel are inapplicable because "no evidence has been lost." (Id. at PageID 75.)

Defendant filed its Reply on February 14, 2020. (ECF No. 19.) Defendant argues that the fact that Plaintiff did not submit a claim until after his insurance policy had lapsed, which Plaintiff's Response does not dispute, is dispositive. (Id. at PageID 82.) Even if that fact were not dispositive, Assurity argues that "[r]equiring contract adherence in this case would not lead to an unduly harsh result," because Davis waited at least nine years to submit his claim and that period of delay is so unreasonable that "public policy weighs strongly in favor of dismissal." (Id. at PageID 86.) Assurity also continues to assert the doctrines of laches and estoppel, arguing that Plaintiff's delay in submitting his claim "forever foreclosed" Assurity's ability to make an accurate disability determination based on "a wide variety of time-sensitive, contemporaneous evidence." (Id. at PageID 83.)

For the reasons set forth below, Defendant's Motion to Dismiss is **GRANTED**.

## I. BACKGROUND

This action arises out of Defendant Assurity's denial of an insurance claim submitted by Plaintiff Davis on July 21, 2017. (Compl., ECF No. 1 ¶¶ 13, 15.) Davis purchased an insurance policy ("Policy") from Assurity on January 4, 2000 and the Policy remained in force through March 3, 2016. (Id. ¶ 3.) Davis alleges that on July 11, 2005, he was injured when he was struck by a muffler and that he developed cognitive impairments, sleep apnea, and insomnia as a result

of his injuries.  (Id. ¶¶ 9–10.)  On July 21, 2017, twelve years after the initial injury, Davis submitted his first claim under the Policy, claiming a disability that began January 8, 2008.  (Id. ¶¶ 13–14 ("Since January 8, 2008, Plaintiff has been unable to perform the essential duties of a financial advisor.").)

The Policy was an agreement that Assurity would pay benefits to Davis if he became totally disabled while the Policy was in effect, met the Policy's provisions and provided the necessary proof and notice.  (Compl., Ex. 1, ECF No. 1-1, p. 3 of 18.)  Relevant to the instant case, the Policy's terms stated: (1) that the Policy would lapse within 31 days of any failure to make payments; (2) that any notice of a claim should be submitted within 20 days of Davis's becoming totally disabled; and (3) that after 90 consecutive days of total disability ("Elimination Period"), Davis should submit Proof of Loss within 120 days or, at the absolute latest, within 12 months after the Elimination Period.  (Id. at pp. 10 of 18, 13 of 18.)

Assurity denied Davis's July 21, 2017 claim on August 10, 2017.  (Compl., ¶ 15.)  Davis alleges that he continued to submit additional evidence, but that Assurity reaffirmed its denial on October 24, 2017.  (Id. ¶ 16.)  Davis appealed the denial on October 24, 2018.  (Id. ¶ 17.)  Davis asserts that he submitted the opinions of his treating providers Joseph Reid, PA and Dr. Brian Way in support of his appeal.  (Id. ¶ 18.)  Davis alleges that Dr. Reid treated him since 2009 and Dr. Way treated him since 2012.  (Id.)  Davis also asserts that he submitted in support of his appeal an October 20, 2017 Independent Medical Examination ("IME") and a September 29, 2017 neuropsychological examination that both found cognitive deficiencies.  (Id. ¶ 19.)  Assurity reaffirmed its denial on January 21, 2019.  (Id. ¶ 21.)

Plaintiff filed this action on October 25, 2019. (Id.) On January 17, 2020, Defendant filed the instant Motion to Dismiss. (ECF No. 10.) Plaintiff filed his Response on February 7, 2020. (ECF No. 17.) Defendant filed its Reply on February 14, 2020. (ECF No. 19.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." A Rule 12(b)(6) motion permits the "defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993) (citing Nishiyama v. Dickson Cnty., 814 F.2d 277, 279 (6th Cir. 1987)). A motion to dismiss only tests whether the plaintiff has pled a cognizable claim and allows the court to dismiss meritless cases which would waste judicial resources and result in unnecessary discovery. Brown v. City of Memphis, 440 F. Supp. 2d 868, 872 (W.D. Tenn. 2006).

When evaluating a motion to dismiss for failure to state a claim, the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). If a court decides that the claim is not plausible, the case may be dismissed at the pleading stage. Iqbal, 556 U.S. at 679. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. The "[f]actual allegations must be enough to raise a right to relief above [a] speculative level." Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (quoting Twombly, 550 U.S. at 555). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). A complaint need not contain detailed factual

4

allegations.  Twombly, 550 U.S. at 570.  A plaintiff without facts who is "armed with nothing more than conclusions," however, cannot "unlock the doors of discovery."  Iqbal, 556 U.S. at 678-79; Green v. Mut. of Omaha Ins. Co., No. 10-2487, 2011 WL 112735, at *3 (W.D. Tenn. Jan. 13, 2011), aff'd, 481 F. App'x 252 (6th Cir. 2012).

Assessing the facial sufficiency of a complaint ordinarily must be undertaken without resort to matters outside the pleadings.  Wysocki v. Int'l Bus. Mach. Corp., 607 F.3d 1102, 1104 (6th Cir. 2010).  "[D]ocuments attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss."  Commercial Money Ctr., Inc. v. Illinois Union Ins. Co., 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)); see also Koubriti v. Convertino, 593 F.3d 459, 463 n.1 (6th Cir. 2010).  Even if a document is not attached to a complaint or answer, "when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment."  Commercial Money Ctr., 508 F.3d at 335–36.  When evaluating a motion to dismiss, the Court may also take judicial notice of pertinent matters of public record, including bankruptcy filings.  Signature Combs, Inc. v. United States, 253 F. Supp. 2d 1028, 1040 n.5 (W.D. Tenn. 2003).

### III. ANALYSIS

#### A. *Plaintiff's Failure to Comply with the Policy's Notice and Proof of Loss Provisions Prejudiced Defendant*

Assurity argues that Plaintiff's claim is time-barred under the Policy's terms, both because it was submitted over a year after the Policy lapsed and because it was submitted over nine years after Davis allegedly became totally disabled.  (ECF No. 10-1 at PageID 46–49.)  "Insurance contracts are 'subject to the same rules of construction as contracts generally,' and in the absence of fraud or mistake, the contractual terms 'should be given their plain and ordinary meaning[.]" Clark v. Sputniks, LLC, 368 S.W.3d 431, 441 (Tenn. 2012) (quoting U.S. Bank v. Tenn. Farmers

5

Mut. Ins. Co., 277 S.W.3d 381, 386 (Tenn. 2009)). "If the contractual language is clear and unambiguous, the literal meaning of the contract controls the dispute." West v. Shelby County Healthcare Corp., 459 S.W.3d 33, 42 (Tenn. 2014) (quoting Maggart v. Almany Realtors, Inc., 259 S.W.3d 700, 704 (Tenn. 2008)). The Policy states that "Assurity agrees to pay this Policy's benefits to [Davis] if [Davis] become[s] Totally Disabled while this Policy is in effect; the Policy's provisions are met; and [Davis] gives [Assurity] all the proof and notice [Assurity] requires." (Compl., Ex. 1, ECF No. 1-1, p. 3 of 18.) The Policy therefore makes the payment of benefits contingent on Davis's compliance with its terms.

First, the Policy's terms state that if Davis fails to pay his premiums, the Policy lapses after a 31-day grace period. (Id. at p. 10 of 18.) Davis admits that he stopped paying his premiums on or before March 3, 2016. (Compl., ECF No. 1 ¶ 6.) The Policy therefore lapsed 31 days later, by April 3, 2016 at the latest. Davis filed his claim with Assurity for the first time on July 21, 2017, over a year after the Policy had lapsed. (Id. ¶ 13.) Davis was no longer entitled to payment of benefits under the Policy at the time he filed his first claim. 4 Steven Plitt et al., Couch on Ins. § 58:22 (3d ed. 2020) ("The interest of the beneficiary under a life policy is dependent upon the policy remaining in force. Therefore, the interest ceases to exist when the policy has lapsed[.]").

Second, the Policy required Davis to notify Assurity of his claim within 20 days after first becoming totally disabled. (Compl., Ex. 1, ECF No. 1-1, p. 13 of 18.) Davis's initial injury occurred on July 11, 2005 and he claims that his disability began January 8, 2008. (Compl., ECF No. 1 ¶¶ 9, 13–14.) Even assuming Davis had no claim until January 8, 2008, the Policy required Davis to notify Assurity of that claim by January 28, 2008. Davis waited over nine years from that date to file his claim and does not assert that he gave Assurity notice in some other form prior to
6

that date.  In doing so, Davis failed to comply with the Policy's clear and unambiguous requirements regarding notice.

Third, the Policy required Davis to submit Proof of Loss to Assurity within 120 days after the Elimination Period, defined by the Policy as 90 consecutive days of total disability.  (Compl., Ex. 1, ECF No. 1-1, pp. 9 of 18, 13 of 18.)  If the 120-day deadline cannot be met, the Policy required Davis to submit Proof of Loss within 12 months after the Elimination Period.  (Id. at p. 13 of 18.)  Because Davis asserts that he became totally disabled as of January 28, 2008, the Elimination Period ended April 7, 2008.  (Compl., ¶ 13–14.)  The Policy required Davis to submit Proof of Loss to Assurity by August 5, 2008 or, at the latest, by April 7, 2009.  The first action of Davis's that could be considered a submission of Proof of Loss is his filing of the claim on July 21, 2017, nearly nine years later.  Again, by waiting over nine years to submit Proof of Loss, Davis failed to comply with the Policy's clear and unambiguous requirements regarding Proof of Loss.

Under Tennessee law, late notice or proof will not defeat coverage unless the insured also proves the insurer was not prejudiced by the delay.  Alcazar v. Hayes, 982 S.W.2d 845, 856 (Tenn. 1998).  "[O]nce it is determined that the insured has failed to provide timely notice in accordance with the insurance policy, it is presumed that the insurer has been prejudiced by the breach."  Id. "The insured may rebut this presumption by proffering competent evidence establishing that the insurer was not prejudiced by the insured's delay."  Am. Just. Ins. Reciprocal v. Hutchison, 15 S.W.3d 811, 818 (Tenn. 2000); see also Talley v. State Farm Fire & Cas. Co., 223 F.3d 323, 328 (6th Cir. 2000) ("The weight of Tennessee law seems to indicate a clear trend towards a showing of prejudice.").  Because Davis failed to provide timely notice in accordance with the Policy, it is presumed that Assurity has been prejudiced by Davis's breach.  The Court must consider whether Davis has proffered competent evidence that Assurity was not prejudiced.

7

"According to Alcazar, factors to consider when assessing prejudice are: (1) availability of witnesses; (2) ability to discover other information; (3) existence of official reports concerning the occurrence; (4) the preparation and preservation of demonstrative and illustrative evidence; and (5) the ability of experts to reconstruct the occurrence." U.S. Fire Ins. Co. v. Vanderbilt Univ., 267 F.3d 465, 475 (6th Cir. 2001) (citing Alcazar, 982 S.W.2d at 856); see also 13A Plitt et al., Couch on Ins. § 193:75 ("Prejudice to a compensation carrier sufficient to avoid coverage has been found where late notice of an accident prevented the insurer from having an opportunity to investigate the accident."). The Court in Alcazar also stated that it was "less sympathetic to the insured" where "the insured bears sole responsibility for breaching a term of the contract that was intended to preserve fairness to the insurer." Alcazar, 982 S.W.2d at 856.

Davis argues that Assurity is not prejudiced by his untimely provision of notice and proof because Assurity has "received abundant evidence from the time period in question to allow it to conduct a full investigation," including medical records and sworn statements from Davis's longtime treatment providers that his disability existed prior to the lapse of the Policy. (ECF No. 17 at PageID 74.) Davis asserts that "[t]he information contained in the medical records has not and will not change with the passage of time." (Id.) Lastly, Davis argues that because Assurity has not asserted that it attempted to investigate whether Davis was disabled, it cannot claim to be prejudiced by an inability to adequately investigate. (Cf. id. at PageID 74–75.)

Assurity argues that the period of delay in the present action is unreasonable. (ECF No. 19 at PageID 86.) Assurity also argues that Davis has failed to meet his burden because he has not produced for the record any of the historical medical records he claims meet his burden. (Id. at PageID 87 n. 2.) Assurity asserts that "an accurate disability determination required a wide variety of time-sensitive, contemporaneous evidence that Plaintiff's delay has forever foreclosed,

8

including" physical condition and functional capacity examinations, questioning of witnesses, and documentation regarding Davis's business and personal activities, all at or from the time at which Davis became totally disabled. (Id. at PageID 83–84.)

The "abundant evidence" Davis asserts that he has provided Assurity is insufficient to rebut the presumption of prejudice. Davis states that he submitted to Assurity "the opinions of his treating providers Joseph Reid, PA and Dr. Brian Way." (Compl., ECF No. 1 ¶ 18.) But Davis also admits that Dr. Way has only treated him since 2012, and Mr. Reid since 2009. (Id.) Neither provider treated him at the time of the initial injury in 2005 or at the time Davis became totally disabled in 2008. Additionally, Davis states that he submitted "an Independent Medical Examination from October 20, 2017, and a neuropsychological examination from September 29, 2017." (Id. ¶ 19.) Those examinations were conducted over twelve years after the initial injury, over nine years after Davis became totally disabled and over a year after the Policy lapsed. The Policy also gave Assurity the right to have Davis examined by a physician as part of its investigation into a claim. (Compl., Ex. 1, ECF No. 1-1 at p. 14 of 18.) By waiting over nine years to provide notice of his claim, Davis prevented Assurity from collecting medical evidence contemporaneous with the alleged onset of Davis's disability. See, e.g. U.S. Fire Ins. Co. v. Vanderbilt Univ., 267 F.3d at 475–76 (finding the plaintiff's evidence insufficient to rebut the presumption of prejudice in part because the defendant demonstrated that [] evidence no longer existed by the time the insurer received notice of the claim).

Davis also asserts that witnesses are available who can provide Assurity information regarding his injury and the onset of his disability. (Compl., ECF No. 1 ¶¶ 18, 20.) Specifically, Davis asserts that in addition to treating Davis since 2009, Mr. Reid has "known him personally since before his injury in 2005." (Id. ¶ 18.) Davis also asserts that he "included in his appeal

9

letters from former employees of his who witnessed his cognitive decline following his injury." (Id.) The mere availability of these witnesses is insufficient to demonstrate Assurity was not prejudiced. Assurity cannot adequately question witnesses regarding events that occurred nine to twelve years prior to its receiving notice of Davis's claim. See, e.g. Brown v. Ogle, 46 S.W.3d 721, 725 (Tenn. Ct. App. 2000) ("During the almost twelve years this suit has been pending… memories have dulled…"); see also U.S. Fire Ins. Co. v. Vanderbilt Univ., 267 F.3d at 476 (finding the plaintiff's evidence insufficient to rebut the presumption of prejudice in part because of reliability problems related to the remaining living witnesses).

In summary, the Court finds that Davis provided Assurity with untimely notice and proof of his claim and has failed to proffer competent evidence to rebut the presumption of prejudice. Taking all the facts in the Complaint as true, Davis is not entitled to legal relief. Mayer, 988 F.2d at 638.

### B. *Plaintiff's Claim is Barred Under the Doctrines of Laches and Estoppel.*

Assurity argues that Davis's claim is barred under the doctrines of laches and estoppel. (ECF No. 10-1 at PageID 49–50.) Assurity argues that "[c]ontemporaneous and complete evidence and information related to [Davis's] injuries, or his ability to perform the duties of his occupation, have been obscured, destroyed or lost" and that it is "impossible now for Assurity to investigate, assess, and evaluate the facts and circumstances of Plaintiff's alleged condition and his ability [] to satisfy the terms of the Policy." (Id. at PageID 50.) Assurity further argues that allowing Davis to pursue his claim would unduly prejudice Assurity and that "[t]his sort of prejudice is exactly why insurance companies limit the time period in which an insured may submit a claim." (Id.) Davis argues in his Response that the doctrine of laches is applied only in limited

10

Case 1:19-cv-00299-JPM-SKL   Document 22   Filed 09/30/20   Page 10 of 12   PageID #: 101

circumstances, that no evidence has been lost, and that the "risk of failure of memory is minimal as memories can be easily refreshed by the written records." (ECF No. 17 at PageID 75–76.)

"To successfully invoke the doctrine of laches, a defendant must show 'an inexcusably long delay in commencing the action which causes prejudice to the other party,' and mere delay will not suffice." Baptist Physician Hosp. Org., Inc. v. Humana Military Healthcare Serv., Inc., 481 F.3d 337, 353 (6th Cir. 2007) (citing Patton v. Bearden, 8 F.3d 343, 347 (6th Cir. 1993) & M.J. Jansen v. Clatyon, 816 S.W.2d 49, 51 (Tenn. Ct. App. 1991)). "In the cases applying the defense of laches, the courts frequently cite… the loss of evidence as the sort of prejudice that, coupled with an unreasonable delay, amount to laches." M.J. Jansen, 816 S.W.2d at 52 (holding that laches applied where the plaintiff waited one year to hire a lawyer). The Tennessee Supreme Court has also held that "when the original transaction has become obscured by time and the evidence lost, [it is] good public policy to allow claims and titles long acquiesced to remain in repose." John P. Saad & Sons, Inc. v. Nashville Thermal Transfer Corp., 715 S.W.2d 41, 46 – 47 (Tenn. 1986) (holding that laches applied where the plaintiff waited four years to provide written notice under the contract).

In the present case, Davis waited over nine years to provide Assurity notice of his disability. In doing so, evidence was irrevocably lost regarding his medical condition and ability to conduct personal and business activities at the time he claims to have become totally disabled. Assurity argues in its Reply that "[g]iven that Plaintiff continued to operate and receive income from his business while allegedly totally disabled (Compl., ¶ 11–12), an accurate disability determination required a wide variety of time-sensitive, contemporaneous evidence that Plaintiff's delay has forever foreclosed." (ECF No. 19 at PageID 83.) Assurity is correct. The opinions of treatment providers who Davis admits did not treat him at the time of the initial injury or at the time he

11

claims to have become permanently disabled are insufficient evidence of his claim. (Compl., ECF No. 1 ¶ 18.) Independent Medical Examinations conducted over nine years after Davis became totally disabled are insufficient evidence that Davis in fact became totally disabled as defined by the Policy in 2008. (Id. ¶ 20.) It was impossible for Assurity, at the time it first received notice of Davis's claim in 2017, to obtain accurate evidence regarding Davis's medical condition from the time of the injury or the time of total disability. Davis's lengthy and unexcused[1] delay in providing Assurity notice and proof of his claim unfairly prejudiced Assurity.

In summary, the Court finds that the doctrine of laches applies and bars Plaintiff's Complaint.

## IV. CONCLUSION

For each of the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED.**

**SO ORDERED**, this 30th day of September, 2020.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE

---

[1] Nowhere in Davis's Complaint or Response to Defendant's Motion to Dismiss does Davis provide an explanation or excuse for his failure to comply with the Policy's terms regarding notice and proof.

12